**In the Interest of L.L., Respondent and Appellant.**

**Civ. No. 920008.**

Supreme Court of North Dakota.

March 19, 1992.

Gregory Ian Runge, Bismarck, for appellant.

Richard J. Riha, Asst. State's Atty., Bismarck, for appellee.

LEVINE, Justice.

L.L. appeals from an order of the Burleigh County court denying a motion to dismiss the order for continuing outpatient mental health treatment. He claims dismissal is called for because no periodic review of his mental health status was conducted. We agree that L.L. is entitled to the periodic review he seeks but we disagree that he is entitled to dismissal of his continuing treatment order. Therefore, we affirm, but modify and remand for an order to conduct a periodic review.

On July 26, 1990, the Burleigh County court ordered L.L. to be hospitalized for emergency treatment for mental illness. After he waived his right to an involuntary treatment hearing, L.L. was ordered to undergo hospitalization and treatment for ninety days at St. Alexius Medical Center in Bismarck. He later consented to his transfer to the North Dakota State Hospital in Jamestown. On October 24, 1990, the Stutsman County court issued an order for continuing treatment which directed that L.L. "remain at the North Dakota State Hospital for a period not to exceed 14 days; [receive] follow-up alternative treatment at West Central Human Service Center, Bismarck, ND, or with private practitioner of his choosing, for an indefinite period." After two weeks, L.L. was released from the State Hospital and began outpatient treatment in Bismarck in accordance with his continuing treatment order.

■ On May 6, 1991, L.L. moved for dismissal of his continuing treatment order. L.L. argued that, under NDCC § 25–03.1–31, he was entitled to a six-month periodic review, which should have been conducted on April 24, 1991. The State opposed dismissal, urging that the statutory periodic review procedure is available only to hospitalized patients, not to patients receiving outpatient care. The county court, agreeing with the State, denied the motion for

dismissal and also L.L.'s motion for reconsideration. This appeal followed.

NDCC § 25–03.1–31 says:

"Every individual subject to an order of continuing treatment has the right to regular, adequate, and prompt review of his current status as a person requiring treatment and in need of hospitalization. Six months from the date of an order of continuing treatment, and every year thereafter, the director or superintendent where an individual is hospitalized shall review his status as a person requiring treatment and in need of hospitalization. The results of each periodic review conducted under this chapter must be made part of the patient's record, and must be filed within five days of the review, in the form of a written report, with the court where the facility is located. Within this five-day period, the director or superintendent shall give notice of the results of the review to the patient, his attorney, and his nearest relative or guardian.

"If a periodic review report concludes that the patient continues to require treatment and hospitalization, and the patient objects to either or both of those conclusions, the patient shall have the right to a hearing, an independent evaluation, and may petition the court for discharge. This petition may be presented to the court or a representative of the hospital or facility within seven days, excluding weekends and holidays, after the report is received. If the petition is presented to a representative of the hospital or facility, he shall transmit it to the court forthwith. The petition must be accompanied by a report from a physician, psychiatrist, or clinical psychologist setting forth the reasons for his or her conclusions that the patient no longer is a person requiring treatment or in need of hospitalization. If no such report accompanies the petition because the patient is indigent or is unable for reasons satisfactory to the court to procure such a report, the court shall appoint an independent expert examiner to examine the patient, and the examiner shall furnish a report to the court.

"If such report concludes that the patient continues to be a person requiring treatment and in need of hospitalization, the court shall so notify the patient and shall dismiss the petition for discharge. If the conclusion is to the contrary, the court shall set a hearing date which must be within fourteen days of receipt of the examiner's report. At the hearing, the burden of proof is the same as in an involuntary treatment hearing."

L.L. argues that he is an individual "subject to an order of continuing treatment" and consequently, under the statute, entitled to a "regular, adequate and prompt review" of his mental status. The State counters that NDCC § 25–03.1–31 does not apply to L.L. because periodic reviews are required only for patients who need both treatment and hospitalization.

In the companion case of *In the Interest of T.J.*, 482 N.W.2d 850 (N.D.1992), we construed NDCC § 25–03.1–31 to require periodic review for an order of continuing outpatient treatment, as well as for an order of continuing hospitalization. Our construction was based on the chapter's legislative history and amendments which disclose a strong legislative interest in encouraging community-based outpatient treatment, while protecting the individual rights of mentally ill patients. *Id.* Our holding in *T.J.* is dispositive here. Consequently, we conclude that L.L. is entitled to periodic review of his mental health status so long as he is under a continuing treatment order.

■ But, what remedy is appropriate for the failure to furnish L.L. a review of his status? He was ordered to undergo continuing treatment on October 24, 1990. NDCC § 25–03.1–31 requires a periodic review after six months, which would have been April 24, 1991. No periodic review took place, so, on May 6, 1991, L.L. moved to dismiss the continuing treatment order. We have a delay of, at most, twelve days, which we believe can fairly be characterized as de minimis. There are timelines throughout NDCC ch. 25–03.1 that appear to require strict compliance because they are intended to establish procedures that minimize the risk of error in diagnosis and treatment on the one hand and maximize the protection of an involuntary patient's individual rights on the other hand. *E.g.,* NDCC §§ 25–03.1–08, 25–03.1–11, 25–03.1–15, 25–03.1–17, 25–03.1–19, 25–03.1–22, 25–03.1–25, 25–03.1–26. The time periods under these sections are shorter and any deviation from them, therefore, is proportionately of far greater impact than the twelve days at issue in this case. Because "[t]he law disregards trifles", NDCC § 31–11–05(24), L.L. should now promptly receive a review of his continuing treatment order to determine if he is still a person requiring outpatient treatment.

Accordingly, we affirm the order of the Burleigh County court denying the motion for dismissal, but remand to the county court for entry of an order consistent with this opinion.

ERICKSTAD, C.J., and MESCHKE and VANDE WALLE, JJ., and VERNON R. PEDERSON, Surrogate Judge, concur.

VERNON R. PEDERSON, Surrogate Judge, sitting as a member of the Court to fill the vacancy created by the resignation of Justice H.F. GIERKE III. Justice JOHNSON, not being a member of this Court at the time this case was heard, did not participate in this decision.